UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES VILLA FLORES,<br><br>  Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE SANTA RITA JAIL, et al.,<br><br>  Defendants. | Case No. 24-cv-09431-LJC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Andres Villa Flores, a prisoner at the Santa Rita Jail proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against "Alameda County Sheriff's Office staff at Santa Rita Jail," "Wellpath Medical Services staff RNs/doctors," and "Stanford Health Care staff RNs/doctors." Flores has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. The court now addresses the claims asserted in Flores's complaint.

**DISCUSSION**

**I.    Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.

42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II. Flores's Allegations

Flores alleges that he fell and injured himself on July 30, 3024 because he is mobility impaired and slipped on ankle chains while exiting a transport van or bus with no handrails. At the time, he was also confined in waist chains that were bunched up and locked with a square-cornered master lock at his lower back. While exiting a shower on November 28, 2024, Flores slipped while holding his clothes in his hands, and fractured his right fist while trying to stop himself from hitting the ground. Medical staff would not set it and cast it. Flores states: "Mental thought of staff here and medical show some kind of bias and prejudice causing gross negligence under the color of state law. (No floor grid)."

Flores seeks compensatory damages.

## III. Analysis

### I. Medical Claims

The Fourteenth Amendment protects pretrial detainees from deliberate indifference on the part of jail staff to their serious medical needs. The elements of the claim are:

> "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). The officials' conduct must have

2

been objectively unreasonable—the lack of due care is not enough. *See Alexander v. Nguyen*, 78 F.4th 1140, 1144-46 (9th Cir. 2023).

Flores has not identified any appropriate defendants for his claim that he has not received adequate medical treatment. Nor has he provided enough detail about what his injuries are, what treatment he received, what further treatment he needs, or anything else that would allow the reader to assess whether a defendant was deliberately indifferent to his serious medical needs. He should identify the specific people who prevented him from getting proper care and explain how they did so. He may name as defendants specific medical practitioners or staff from the jail or Wellpath or Stanford Health Care, even if he does not know their names, by naming them as Doe defendants and describing them to the best of his ability. For example, he could name as a Doe defendant "the provider who saw me on November 28," or "the jail staff person who reviewed my request for disability accommodations," or "the Stanford nurse who examined me on November 28." He must explain specifically what each individual defendant did to put him at risk of harm.

## CONCLUSION

Based on the foregoing, the court orders as follows:

1. Even liberally construed, the allegations do not give rise to any federal claims against the defendants. These claims are dismissed with leave to amend to remedy the deficiencies noted above.

2. If Flores wishes to file a First Amended Complaint (FAC), he must do so within **twenty-eight days** from the date of this order. The FAC must include the caption and civil case number used in this Order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Flores must include in it all the allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from his original complaint or petition by reference. Failure to amend within the designated time will result in the dismissal of this case with prejudice.

3. It is Flores's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result

in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 11, 2025

LISA J. CISNEROS
United States Magistrate Judge

4